UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 2 9 2017

Mario Valdiviezo,

           Plaintiff,

–v–

The City of New York, *et al.*,

           Defendants.

15-cv-3902 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

In this 42 U.S.C. § 1983 action, Plaintiff Mario Valdiviezo alleges that his Eighth Amendment rights were violated by a one hour delay in medical care after he slipped and fell in the shower and because he was exposed to various unsanitary conditions in prison. Valdiviezo has sued the City of New York on a municipal liability theory, and he has sued several individual officers involved in the shower incident. Before the Court is Defendants' motion to dismiss Valdiviezo's complaint in the entirety. For the following reasons, the Court grants that motion.

I.    **Background**

The following facts are derived from Plaintiff's third amended complaint and are assumed to be true for purposes of this motion. *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 147 (2d Cir. 2014).

At the times of the incidents alleged in Valdiviezo's third amended complaint, Valdiviezo was a New York state inmate. Third Amended Complaint ("TAC") at 2 (Dkt No. 32); Mot. at 2 (Dkt No. 36). He was originally housed at the George R. Vierno Center ("GRVC") on Rikers Island, and he was relocated to the George Motchan Detention Center ("GMDC") in September 2014. TAC at 2-3; Mot. at 2-3.

1

The first incident described in Valdiviezo's complaint involves a fall in a prison shower. Valdiviezo alleges that on August 12, 2014, he slipped on a piece of soap in the shower. TAC at 2. He "immediately fell to the floor." *Id.* His back, head, and left shoulder hit the floor. *Id.* According to Valdiviezo, this fall left him in "excruciating pain," and he was unable to get up. *Id.* Other inmates who witnessed the fall reported it to Corrections Officer Velez. *Id.* Officer Velez arrived at the shower and asked Valdiviezo if he was in pain, to which Valdiviezo responded "Yes!" *Id.* Officer Velez then reported a medical emergency to fellow Corrections Officer Ayou, who was in the control booth. *Id.* Instead of calling emergency personnel, Officer Ayou called Captain Boyer. *Id.* Valdiviezo alleges that it took twenty minutes for Captain Boyer to arrive. *Id.* at 2, 5. Once he finally arrived, instead of attending to Valdiviezo (who was still on the floor in pain), Officer Boyer decided to review the security footage of the fall in order to make sure that no one had pushed Valdiviezo. *Id.* at 2. Overall, Valdiviezo alleges that he was left on the floor "for no less than [an] hour in pain while people stepped over [him] going back and forth taking showers." *Id.* Eventually, a medical response team arrived. *Id.* The medical responders instructed several other inmates to pick Valdiviezo up and carry him to the medical clinic. *Id.* The inmates ended up dropping Valdiviezo twice. *Id.* at 2, 5-6. Valdiviezo alleges that the second drop caused him to lose consciousness, and he later woke up in the prison's medical clinic. *Id.* at 2, 4. According to Valdiviezo, he suffered "injury to [his] back, left shoulder, [and] neck" and he also suffered from "impaired vision and a searing headache." *Id.* at 4. He was eventually transported from the prison to a hospital. *Id.*

The other incidents described in Valdiviezo's complaint relate to certain conditions of confinement. According to Valdiviezo, the conditions of the prison showers were "unsanitary" and "deplorable." *Id.* at 2. Specifically, Valdiviezo alleges that the "showers were used as

2

urinals and smelled of urine" because the prison refused to add a restroom to the housing unit. *Id.* at 2, 4. He also alleges that shower tiles were cracked and missing (therefore increasing the risk that an inmate would cut himself and get an infection), that the walls, ceiling, pipes, and paint in the showers were corroded, that "water worms were found in the showers on multiple occasions," and that there were no shower pads or mats. *Id.* at 2-3. Valdiviezo alleges that several complaints and grievances were filed regarding these conditions and that "on [a] few occasions" state officials inspected the showers, but that nothing happened as a result. *Id.* at 3. According to Valdiviezo, these unsanitary conditions persisted for at least eighteen months. *Id.* at 2, 4.

Valdiviezo also alleges that he was exposed to human waste. According to Valdiviezo, on both December 31, 2014 and January 19, 2015, his cell block flooded with "sewage," "human waste," "feces," and "polluted water." *Id.* at 3, 6. He further alleges that prison officials refused to move him or allow him to clean his cell. *Id.* at 3. As a result, Valdiviezo was forced to "live in [these] squalor and unsanitary conditions" for an unspecified period of time. *Id.* at 6. As with the shower conditions, Valdiviezo alleges that several grievances were filed to no avail. *Id.* at 3.

Finally, Valdiviezo alleges that his sleep was disturbed on one night by another prisoner. According to Valdiviezo, on the night of December 31, 2014 (the same night as one of the floods), he was "expos[ed] to [the] extreme behavior," namely the "constant screaming," of another prisoner. *Id.* at 3. This deprived Valdiviezo of sleep that night. *Id.*

On May 12, 2015, Valdiviezo filed a *pro se* complaint against the City of New York and Captain Boyer. Dkt No. 2. On July 27, 2015, then Chief Judge Preska *sua sponte* ordered Valdiviezo to file an amended complaint. Dkt No. 5. That order laid out the standards relevant to Eighth Amendment claims and directed Valdiviezo to provide more factual detail to support

3

his claims. *Id.* Accordingly, on October 2, 2015, Valdiviezo filed an amended complaint naming Captain Boyer, the GRVC, and the GMDC as defendants. Dkt No. 6. On November 19, 2015, the Court dismissed Valdiviezo's allegations against the GRVC and GMDC because, as agencies of the City of New York, these entities could not be sued. Dkt No. 8 at 2. The Court, however, construed the complaint as asserting claims against the City of New York and accordingly ordered service on the City and Boyer. *Id.* at 2-3. On February 26, 2016, the City of New York and Captain Boyer filed a motion to dismiss Valdiviezo's initial and amended complaints. Dkt No. 14. The Court *sua sponte* granted Valdiviezo leave to amend his complaint in response to this motion to dismiss. Dkt No. 17. Valdiviezo did so on April 26, 2016. Dkt No. 22. The City of New York and Boyer once again moved to dismiss, *see* Dkt No. 26, and the Court again provided Valdiviezo leave to amend, *see* Dkt No. 28. On August 1, 2016, Valdiviezo filed his third amended complaint, the operative pleading for purposes of this motion. Dkt No. 32. Defendants renewed their motion to dismiss. Dkt No. 35.

## II.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action" and "mere conclusory statements" in a complaint are insufficient to survive a motion to dismiss. *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

4

"Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (citations, quotation marks, and brackets omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* A court may dismiss a *pro se* complaint if it is clear that the plaintiff cannot demonstrate a set of facts that would entitle him to relief. *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002); *see also Twombly*, 550 U.S. at 558 (noting that dismissal is appropriate if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief").

### III. Discussion

Liberally construed, Valdiviezo's third amended complaint appears to raise two Eighth Amendment claims. First, Valdiviezo claims that his Eighth Amendment rights were violated by his medical treatment after he fell in the shower. Second, Valdiviezo alleges that certain conditions of his confinement, including unsanitary shower conditions, exposure to human waste, and exposure to another loud inmate, also violated the Eighth Amendment. Valdiviezo has named the City of New York and several individuals involved in the fall in the shower incident as defendants. The City of New York and Captain Boyer have moved to dismiss Valdiviezo's third amended complaint in its entirety.

As explained below, the Court grants Defendants' motion to dismiss. Because Valdiviezo does not plausibly allege that a governmental custom, policy, or usage caused the purported constitutional violations, his claims against the City of New York must be dismissed. Furthermore, the Court agrees with Defendants that the allegations related to Valdiviezo's fall in the shower do not state an Eighth Amendment violation. Because Valdiviezo does not name any individual defendants with regards to his conditions of confinement claim, these two conclusions

require dismissal of Valdiviezo's entire third amended complaint, and the Court need not adjudicate Defendants' argument that Valdiviezo also fails to state an Eighth Amendment conditions of confinement claim.

### A. Valdiviezo Fails to Plausibly Allege *Monell* Liability

Valdiviezo asserts both of his Eighth Amendment claims against the City of New York. *See* TAC at 4-6. "A municipality," such as the City of New York, "may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978)). Rather, to hold the City of New York liable, Valdiviezo must demonstrate that "the deprivation of the plaintiff's rights under federal law [wa]s caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Zahra*, 48 F.3d at 685 ("To hold a municipality liable in such an action, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (citations and quotation marks omitted)).

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (brackets, citations, and quotation marks omitted). "The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993); *see also Ulysses I & Co., Inc. v. Peer Morton*, 11 F. App'x 14,

6

16 (2d Cir. 2001) (same); *Oparaji v. City of New York*, 152 F.3d 920 (2d Cir. 1998) (same); *Triano*, 895 F. Supp. 2d at 535 ("[T]o survive a motion to dismiss, Plaintiff cannot merely allege the existence of a municipal policy or custom, but 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" (quoting *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012)).

The third amended complaint does not meet these pleading standards. Valdiviezo alleges, in a conclusory fashion, that the constitutional violations alleged in his complaint were caused by the insufficient "training and duty of the medical personnel," *see* TAC at 2, the "improper training of correctional officers," *see* TAC at 3, and the prison's failure to "implement[] the policy of safety, order, rules, and regulations," *see* TAC at 4. He does not, however, identify any specific policies, regulations, or deficiencies in training, nor does he allege a series of other incidents that would tend to even circumstantially show the existence of a custom or policy. In general, he does not allege any facts specific to the City of New York. Valdiviezo's conclusory allegations that the municipality should be liable are insufficient to state a claim under *Monell*. *See Iqbal*, 556 U.S. at 678 (holding that a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement" (brackets, citation, and quotation marks omitted)); *Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015) ("[M]ere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details."). Accordingly, the Court dismisses Valdiviezo's claims against the City of New York.

### B. Valdiviezo Fails to State a Deliberate Indifference to Serious Medical Needs Eighth Amendment Claim

Valdiviezo alleges that his Eighth Amendment rights were violated by the Defendants' treatment of him after he slipped and fell in the shower. TAC at 2, 4-6. He brings this claim against the City of New York and several individuals (Captain Boyer, Officer Ayou, and two unnamed medical personnel). TAC at 1, 4-6. Defendants contend that Valdiviezo's deprivation of medical care allegations fail to plausibly state an Eighth Amendment claim. Mot. at 5-10. The Court agrees.

"The Eighth Amendment prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). In accordance with this principle, the Eighth Amendment "imposes a duty upon prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 844 (1994)). A constitutional violation has occurred if there has been "deliberate indifference to [a prisoner's] serious medical needs." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Valdiviezo's third amended complaint alleges that his constitutional rights were violated by the allegedly deficient response to his medical needs after he slipped and fell in the shower. TAC at 2, 5-6.

A two-part test applies to deliberate indifference to serious medical need claims. *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Thomas v. Tisch*, No. 08–CV–0400 (JFB)(WDW), 2009 WL 701009, at *3 (E.D.N.Y. Mar. 11, 2009). First, "the alleged deprivation of adequate medical care must be 'sufficiently serious.'" *Salahuddin*, 467 F.3d at 279 (quoting *Farmer*, 511 U.S. at 834). "Second, the defendant 'must act with a

8

sufficiently culpable state of mind.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway*, 37 F.3d at 66). The Court finds neither prong satisfied.

Valdiviezo's allegations do not satisfy the "sufficiently serious" prong. The Second Circuit has generally found constitutional violations with respect to delays in providing medical care only when the "officials deliberately delayed care as a form of punishment, ignored a 'life-threatening and fast-degenerating' condition for three days, or delayed major surgery for over two years." *Demata v. N.Y. State Correctional Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (citations omitted); *see also Crique v. Magill*, No. 12 Civ. 3345(PAC)(GWG), 2013 WL 3783735, at *3 (S.D.N.Y. July 9, 2013) (same); *Tatum v. City of New York*, No. 06 Cv. 4290(BSJ)(GWG), 2009 WL 124881, at *5 (S.D.N.Y. Jan. 20, 2009) (same); *Pabon v. Wright*, No. 99 Civ.2196(WHP), 2004 WL 628784, at *8 (S.D.N.Y. Mar. 29, 2004) (same). "[B]rief" delays in medical treatment generally "cannot constitute deliberate indifference." *Benavides v. Grier*, No. 09 Civ. 8600(JGK), 2011 WL 43521, at *2 (S.D.N.Y. Jan. 6, 2011) (quoting *Ravenell v. Van der Steeg*, No. 05 Civ. 4042, 2007 WL 765716, at *4 (S.D.N.Y. Mar. 14, 2007)). Here, Valdiviezo alleges that prison officials delayed his treatment by, at most, one hour. TAC at 2. This short period of time appears insufficient to establish a "serious" deprivation of medical care. *See, e.g., Hernandez v. Keane*, 341 F.3d 137, 146 (2d Cir. 2003) (concluding there was no Eighth Amendment violation, partly because the delays in treatment "were much shorter than in" another Second Circuit case that did find a constitutional violation); *Johnson v. City of New York*, No. 12-CV-8265, 2014 WL 5393181, at *6 (S.D.N.Y. Oct. 21, 2014) (report and recommendation), *adopted by* 2014 WL 6455162 (S.D.N.Y. Nov. 17, 2014) (four-and-a-half hour delay in provision of medical treatment did not constitute Eighth Amendment violation); *Cain v. Jackson*, No. 05 Civ. 3914(LAP)(MHD), 2007 WL 2193997, at *3, *6 (S.D.N.Y. July

27, 2007) (four hour delay in treatment was "simply insufficient to implicate the Eighth Amendment"); *Ravenell*, 2007 WL 765716, at *4 (fifteen to twenty minute delay in treatment of fractured finger did not amount to deliberate indifference); *Palacio v. Ocasio*, No. 02 Civ. 6726(PAC) (JCF), 2006 WL 2372250, at *11 (S.D.N.Y. Aug. 11, 2006) (no Eighth Amendment claim when "the delay of treatment was, at most, a little more than two hours"); *Rodriguez v. Mercado*, No. 00 CIV. 8588, 2002 WL 1997885, at *9 (S.D.N.Y. Aug. 28, 2002) (delay of "eight or nine hours" after prisoner was allegedly beat up was insufficient to state Eighth Amendment claim); *Linden v. Westchester County*, No. 93 Civ. 8373 (MBM), 1995 WL 686742, at *3 (S.D.N.Y. Nov. 20, 1995) (eight hour delay did not state an Eighth Amendment claim); *cf. Hathaway*, 37 F.3d at 67 (Eighth Amendment claim existed when there was a "delay of over two years" in conducting a surgery).

The Court's conclusion that Valdiviezo has not alleged a sufficiently serious deprivation of adequate medical care is further supported by the fact that Valdiviezo does not allege any injury as a result of the delay. A court analyzing a constitutional claim premised on a delay in medical treatment should "focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition*" or injury. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003). While Valdiviezo asserts that the fall in the shower caused "injury to [his] back, left shoulder, [and] neck," "impaired vision," and "a searing headache," he never alleges that these injuries were caused, or worsened, by the delay in treatment or the dropping of him on the floor, as opposed to the initial fall in the shower. TAC at 4. "[W]here a delay in providing medical attention is neither the underlying cause of a plaintiff's condition nor contributed to a worsening in the condition, courts have found that the objective [seriousness] prong of a deliberate indifference claim is not met." *See Smith v. City of New York*, No. 1:15-cv-7910-

GHW, 2016 WL 7471334, at *4 (S.D.N.Y. Dec. 28, 2016) (collecting cases); *see also Johnson*, 2014 WL 5393181, at *6 ("Even assuming that plaintiff suffered a hairline fracture to his ankle, he has provided no evidence that the four and one-half hour delay between his arrest and his being seen at Bellevue resulted in any worsening of his condition or resulted in the exacerbation of his injury."); *Ferguson v. Cai*, No. 11–CV–6181, 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012) ("Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective seriousness requirement in this Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness.").

Even if the Court found Valdiviezo's allegations sufficient to establish a serious enough deprivation of medical care, the Court would nonetheless dismiss this Eighth Amendment claim for failure to adequately allege the subjective prong of a deliberate indifference claim. In order to survive a motion to dismiss, Valdiviezo must show that the prison officials acted "with a sufficiently culpable state of mind." *Chance*, 143 F.3d at 702 (quoting *Hathaway*, 37 F.3d at 66). To be held liable, the official must engage in "intentional or criminally reckless conduct; negligent conduct is insufficient to satisfy the standard." *Pabon*, 2004 WL 628784, at *5 (citing *Farmer*, 511 U.S. at 835-40). This subjective prong is satisfied only if the prison official "knows of and disregards an excessive risk to inmate health or safety." *Smith*, 316 F.3d at 184 (citations omitted). There are no allegations in the complaint suggesting that the prison officials should have known that Valdiviezo would fall or that the inmates directed to carry him would drop him. To the contrary, what happened to Valdiviezo appears to be an unfortunate accident. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle*, 429 U.S. at 105.

11

The Court's conclusion that Valdiviezo's third amended complaint fails to state a plausible deliberate indifference to serious medical needs claim has two consequences. First, this conclusion provides an alternative basis for dismissing the claim against the City of New York, as there can be no municipal liability if there was no underlying constitutional violation. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014); *Valdiviezo v. City of New York*, No. 14–CV–4897 (SLT), 2014 WL 4638932, at *4 (E.D.N.Y. Sept. 16, 2014). Second, this conclusion necessitates the dismissal of the complaint as to the rest of the defendants as well, as the third amended complaint alleges that all of the named individuals were involved only in the allegedly inadequate medical treatment, not the unsanitary conditions of confinement.[1]

### C. The Court Need Not Decide Valdiviezo's Eighth Amendment Conditions of Confinement Claim

Defendants also argue that Valdiviezo's conditions of confinement claim should be dismissed for failure to state a plausible Eighth Amendment violation. Mot. at 10-15. The Court, however need not resolve this argument. The only named defendant with respect to Valdiviezo's conditions of confinement claim is the City of New York. TAC at 4-6. As explained above, because Valdiviezo failed to plausibly allege a municipal liability claim under *Monell*, his allegations against the City of New York must be dismissed regardless of whether his

---

[1] Valdiviezo's amended complaint names the City of New York, Captain Boyer, Corrections Officer Ayou, and two unnamed medical personnel as defendants. Dkt No. 32. Only the City of New York and Captain Boyer have been served. *See* Dkt No. 8; Mot. at 1 n.1. Nonetheless, the Court dismisses Valdiviezo's entire complaint. Second Circuit precedent authorizes the Court to dismiss the case even though some of the defendants have not yet been served and therefore have not answered. *See Graham v. Bank of America*, 432 F. App'x 41, 41 (2d Cir. 2011) ("[T]he power of district courts to *sua sponte* dismiss meritless actions is well-established."); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (noting that "*sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored" but not barred (bracket and citations omitted)). A court may dismiss a *pro se* prisoner complaint before the service of process on the defendants if the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief." *Massop v. Coughlin*, 770 F.2d 299, 301 (2d Cir. 1985). The arguments presented by the two defendants that have been served establish that Valdiviezo's third amended complaint alleges no set of facts that would entitle him to relief, and thus dismissal is appropriate.

Eighth Amendment right to humane conditions of confinement was violated. Furthermore, with respect to the four individuals named in the third amended complaint, Valdiviezo alleges that they were involved only in the purportedly unconstitutional deprivation of medical care; there are no allegations that Captain Boyer, Officer Velez, or the two unnamed medical personnel were involved in the unsanitary shower and cell conditions described in that complaint. In sum, the Court's resolution of the first two issues — that Valdiviezo has not plausibly stated a municipal liability claim against the City of New York and has not plausibly stated an Eighth Amendment claim with regards to medical treatment — requires dismissal of the entire complaint, even if the Court were inclined to find an Eighth Amendment conditions of confinement violation.

## IV. Conclusion

For the aforementioned reasons, the Court grants the motion to dismiss. This dismissal is with prejudice because Valdiviezo was given multiple opportunities to amend his complaint and warned that failure to adequately do so would result in dismissal with prejudice, *see* Dkt Nos. 5, 17, 28, yet his third amended complaint fails to state a claim upon which relief can be granted.

This resolves Docket Number 35. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: March 29, 2017
       New York, New York

_____
ALISON J. NATHAN
United States District Judge